UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL LEE DORSETT,
    Plaintiff,
v.
DEANNE DESANTO, et al.,
    Defendants.

Case No. 16-cv-05802-JST

**ORDER GRANTING MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION**

Re: ECF No. 12

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim in light of the litigation privilege provided for by California Civil Code § 47(b). ECF No. 12. The Court will grant the motion.[1]

## I.   BACKGROUND AND PROCEDURAL HISTORY

On October 31, 2016, Daniel Dorsett filed an amended complaint against Deanne DeSanto and Rachael Zeiph alleging, in essence, common law libel. ECF No. 9 at 1. He alleges that Defendants published false statements about him in an email. Id. On December 7, 2016 the Defendants filed a joint motion to dismiss Plaintiff's amended complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the statements Defendants made about Mr. Dorsett are privileged under California Civil Code § 47(b). ECF No. 12.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S 375, 377 (1994). Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively

---

[1] Because the Court concludes that it is appropriate to decide this motion without oral argument, Civ. L.R. 7-1(b), the hearing scheduled for February 9, 2017 is vacated.

from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  Under 28 U.S.C. § 1331, district courts have federal question jurisdiction over civil actions arising under the United States Constitution, laws or treaties of the United States.  The Supreme Court has stated, "We have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction facially or factually.  Fed. R. Civ. P. 12(b)(1).  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984). "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Where amending the complaint would be "futile," the Court may dismiss the complaint with prejudice. See White v. Square, 2016 WL 4791748, at *4 (N.D. Cal. Sep. 14, 2016).

## III.  DISCUSSION

Dorsett's amended complaint alleges a cause of action for libel. To the extent that Plaintiff may be relying on state authority, state law cannot create federal question jurisdiction. Moreover, none of the federal statutes or constitutional protections Plaintiff cites creates a private cause of action against private individuals for libel. The Supreme Court has clearly stated that "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991). The cases Plaintiff cites as "case law examples," with the exception of Siegert, were based on diversity jurisdiction. See Ollman v. Evans, 479 F. Supp. 292 (D.D.C. 1979) ("This Court has jurisdiction under 28 U.S.C. § 1332."); Lewis v. Time Inc., 710 F.2d 549, 551 (9th Cir. 1983) (noting removal to federal district court based on diversity).

Plaintiff also cites to 28 U.S.C. § 4101. While 28 U.S.C. § 4101 defines "defamation," it does not provide for jurisdiction in federal district court in suits brought by private citizens against private citizens of the same state. The section was enacted to make "foreign defamation judgments unenforceable in the United States unless it can be shown that such judgments" are valid in light of the First Amendment, and is inapplicable in this case. 30 Am. Jur. 2d Executions, Etc., Defamation judgments, § 731.10. In addition, Plaintiff cites 47 U.S.C. § 230, which relates to providers of interactive computer services and is also irrelevant.

Plaintiff has failed to establish jurisdiction in this Court. Accordingly, Plaintiff's claim must be dismissed.[2]

---

[2] As jurisdiction is lacking, the Court need not address Defendants' contention that the allegedly libelous statements were privileged.

3

**CONCLUSION**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.  Because amendment would be futile, the dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: January 31, 2017

_____
JON S. TIGAR
United States District Judge